UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA SANCHEZ and PEDRO VILLAGOMEZ SOLIS,<br><br>Plaintiffs,<br><br>v.<br><br>REEDLEY COMMUNITY HOSPITAL dba ADVENTIST HEALTH REEDLEY; AARON DOMINGUEZ, M.D.; JONATHAN MAYER, M.D.; ASHA KAVALI, M.D.; AND DAVID C. BLOOD, M.D.,<br><br>Defendants. | No. 1:25-cv-00719-KES-EPG<br><br>ORDER GRANTING MOTION TO SUBSTITUTE THE UNITED STATES AS DEFENDANT AND DISMISSING ACTION AGAINST THE UNITED STATES<br><br>Doc. 4 |

Plaintiffs Gabriela Sanchez and Pedro Villagomez Solis filed a medical malpractice action against the Reedley Community Hospital and several physicians, including Jonathan Mayer, M.D. Doc. 1. Defendant Dr. Mayer moves to substitute the United States as defendant pursuant to 42 U.S.C. § 233(c) and to dismiss the claim against the United States under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The government argues that dismissal is required because plaintiffs failed to exhaust their administrative remedies prior to initiating this lawsuit. Doc. 4-1 at 2. For the reasons explained below, the motion to substitute the United States as defendant and to dismiss this action against the United States is granted.

## I. BACKGROUND

Plaintiffs allege that multiple defendants, including Dr. Mayer, negligently treated Sanchez's pregnancy and labor, resulting in the stillborn death of her child. Doc. 1 at 10–12. During the time Sanchez received care from Dr. Mayer at Reedley Community Hospital, Dr. Mayer was a Public Health Service employee with Omni Family Health. Doc. 4-2 at 2; Doc. 5 at 3.

Plaintiffs filed a complaint against Dr. Mayer and other defendants in Fresno County Superior Court on October 15, 2024. Doc. 1 at 8. On June 12, 2025, Dr. Mayer removed this action to federal court pursuant to § 233(c). *Id.* at 1. In the notice of removal, Dr. Mayer included a certification indicating that, at the time of the events alleged in the Complaint, he was acting within the course and scope of his employment with the United States. *Id.* at 1–2, 4–5.

Dr. Mayer moves to substitute the United States as a defendant, dismiss the claim against him, and remand the remaining case to the Fresno County Superior Court. Doc. 4-1. Plaintiffs oppose the motion and indicate that on June 17, 2025, after learning that Dr. Mayer was deemed a federal employee, they filed a Federal Tort Claim form with the Department of Health and Human Services (HHS). Doc. 5 at 3. HHS subsequently denied plaintiffs' administrative tort claim. Doc. 9.

## II. LEGAL STANDARD

A party may move to dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1). When subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing its existence. *In re Dynamic Random Access Memory Antitrust Litigation*, 546 F.3d 981, 984 (9th Cir. 2008). "A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

## III. DISCUSSION

Plaintiffs do not dispute that, during the relevant events, Dr. Mayer was an employee of the Public Health Service pursuant to § 233(g) and that the United States is the proper defendant for the claim asserted against Dr. Mayer. *See* Doc. 5; *see also* 42 U.S.C. § 233(c). Therefore, the

United States will be substituted as a defendant.

Plaintiffs also do not dispute that their claim against Dr. Mayer is subject to the Federal Tort Claim Act's ("FTCA") exhaustion requirements. *See* Doc. 5. "The FTCA, 28 U.S.C. §§ 1346, 2671-80, waives the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees." *D.L. by and through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) (internal citation omitted). Prior to filing an FTCA action in federal court, a plaintiff must exhaust administrative remedies. *Id.* (citing 28 U.S.C. § 2675(a)). Exhaustion of an administrative claim occurs once the relevant agency denies the claim in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing. 28 U.S.C. § 2675(a). Failure to exhaust administrative remedies deprives the district court of jurisdiction over plaintiffs' tort claims. *D.L.*, 858 F.3d at 1244. "The FTCA's exhaustion requirement is jurisdictional and may not be waived." *Id.*

To administratively exhaust their claim under the FTCA, plaintiffs needed to file their administrative claim with the relevant federal agency and wait for a final denial or the expiration of the six-month statutory period for the agency's decision. *See* 28 U.S.C. § 2675(a). By filing this action on October 15, 2024, before they filed a Federal Tort Claim form on June 17, 2025, plaintiffs failed to exhaust their remedies and prematurely filed their claim against Dr. Mayer. *See* Doc. 1 at 8; Doc. 5 at 3. Thus, at the time of removal, the court lacked subject matter jurisdiction over the claim against Dr. Mayer.

Acknowledging that they failed to exhaust their administrative remedies, plaintiffs cite to *United States v. Wong*, 575 U.S. 402, 410–11 (2015), which held that a different limitations period, at 28 U.S.C. § 2401(b), is non-jurisdictional and subject to equitable tolling.[1] Plaintiffs contend that the court has the equitable power to stay the action pending HHS processing of their administrative tort claim. Doc. 5 at 4. But *Wong* did not address 28 U.S.C. § 2675(a), *see Wong*,

[1] The Federal Tort Claims Act (FTCA) provides that a tort claim against the United States "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues," or "unless action is begun within six months after the date of . . . notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

575 U.S. at 402, and plaintiffs' argument is foreclosed by Supreme Court and Ninth Circuit precedent.

In *McNeil v. United States*, the Supreme Court strictly construed the administrative exhaustion requirement in § 2675(a), holding that it "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." 508 U.S. 106. 113 (1993). The Ninth Circuit subsequently held that "[t]he requirement of an administrative claim [in § 2675(a)] is jurisdictional." *Brady v. U.S.*, 211 F.3d 499, 502 (9th Cir. 2000). Plaintiffs' argument is foreclosed by *McNeil* and *Brady*. And "[b]ecause § 2675(a) of the FTCA requires that an administrative claim be finalized at the time the complaint is filed, plaintiff's complaint cannot be cured through amendment, but instead, plaintiff must file a new suit." *Sparrow v. U.S. Postal Serv.*, 825 F. Supp. 252, 255 (E.D. Cal. 1993).

Plaintiffs also argue that they could not have discovered Dr. Mayer's federal affiliation when they filed their case in state court. Doc. 5 at 4. But the administrative exhaustion requirement at § 2675(a) is jurisdictional, and the court lacks subject matter jurisdiction over the present action because it was filed before plaintiffs satisfied the exhaustion requirement under § 2675(a). Strict adherence to this statutory command is required. *See McNeil*, 508 U.S. at 112–13.

## IV. CONCLUSION

Plaintiffs failed to exhaust their administrative remedies against Dr. Mayer prior to removal and therefore the court lacks subject matter jurisdiction over the claim against the United States. Dismissal of the claim against the United States is appropriate. As this action was removed pursuant to § 233(c) and the claim against the United States is dismissed, and the court lacks subject matter jurisdiction over the remaining claims and defendants, this case must be remanded to the state court.

///

///

///

///

Accordingly:

1. The government's motion to substitute the United States as a defendant and to dismiss the action against the United States, Doc. 4, is granted.
2. Plaintiffs' claim against the United States is dismissed without prejudice to plaintiffs re-filing their FTCA complaint.
3. This action is remanded to the Fresno County Superior Court for lack of subject matter jurisdiction.
4. The Clerk of Court shall mail a copy of this order to the clerk of the Fresno County Superior Court.
5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: July 17, 2026

UNITED STATES DISTRICT JUDGE